UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>  vs.<br><br>ROBERT CAGLE,<br><br>             Defendant. | 5:20-CR-50076-KES-01<br><br>ORDER<br>GRANTING MOTION<br>TO REDUCE SENTENCE |

Defendant, Robert Cagle, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 40. Plaintiff, the United States of America, agrees with Cagle's motion. Docket 44. For the following reasons, Cagle's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

Cagle's Guideline range, based on a total offense level of 29 and a Criminal History Category of II, was 97-121 months in custody. Docket 37-1 at 1. He received two "status points" for committing his offense while under a criminal justice sentence. Docket 31 at 10. On August 25, 2021, the court sentenced Cagle to a term, at the bottom of the guideline range, of 97 months in custody for committing the offense of conspiracy to distribute a controlled substance. Docket 37.

On April 3, 2024, Cagle filed a motion requesting "a reduced sentence of 87 months under Part A of Amendment 821[.]" Docket 39 at 1.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment,

2

work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Cagle meets the criteria under amended U.S.S.G. § 4A1.1(e), making him eligible for two less criminal history points. With that reduction, Cagle receives 0 "status points," which gives him a total of 1 criminal history point. That decrease places him in Criminal History Category I which, when coupled with his total offense level of 29, reduces his advisory Guideline range to 87-108 months in custody. *See* U.S.S.G., Ch. 5, Pt. A.

After taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), Cagle's sentence is reduced to the low end of his new Guideline range, to a term of 87 months in custody and Cagle's motion is granted.

## CONCLUSION

It is ORDERED that Cagle's motion (Docket 39) GRANTED. The probation office is directed to prepare an amended judgment reflecting a custody sentence of 87 months.

Dated May 1, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE